## Appeal of Elias B. Mack and James A. Edelman.

Payments made on a subscription to stock of a corporation is a waiver of a condition on which it was subscribed.

Where stock of a corporation was subscribed for on condition that it was not to be payable until the furnace was put in blast, a subscriber, who was at a stockholders' meeting which authorized a lease of the furnace and was a director who approved the lease and directed its execution, cannot avoid paying his subscription on the ground that the furnace was put in blast by the lessee and not by the company.

Where subscriptions to the capital stock are not due until the furnace was put in blast, the statute of limitations does not begin to run on the subscription until that is done.

(Decided October 4, 1886.)

Appeal from a decree of the Common Pleas of Northampton County in favor of complainants in a bill in equity.   Affirmed.

The facts are stated in the opinion.

*William Fackenthall* and *B. F. Fackenthall,* for appellants.— As to the statute of limitations, see Bunn's Appeal, 14 W. N. C.

Note.—See Cornell's Appeal, 114 Pa. 153, 5 Cent. Rep. 181, 6 Atl. 258, and Hahn & Bro.'s Appeal, *ante,* 10, for other actions arising from the same contract.

The subscriber to the stock of a corporation upon condition is liable, if he waives his right to insist upon a compliance with the condition. Hanover Junction & S. R. Co. v. Grubb, 82 Pa. 36; Pittsburgh & S. R. Co. v. Proudfit, 2 Pittsb. 85; Craig v. Cumberland Valley State Normal School, 72 Pa. 46.

As to liability on stock subscriptions in general, see the following editorial notes presenting the authorities on their respective subjects: Contingent liability on call, editorial note to South Milwaukee Co. v. Murphy, 58 L. R. A. 82; enforcement of liability outside of state of incorporation, note to Rhodes v. United States Nat. Bank, 34 L. R. A. 742; conditional subscriptions, note to Winston v. Brooks, 4 L. R. A. 507; effect of transfer of shares of stock upon liability for unpaid subscription, note to Rochester & K. F. Land Co. v. Raymond, 47 L. R. A. 247; withdrawal of subscription, note to Bryant's Pond Steam-Mill Co. v. Felt, 33 L. R. A. 593; rescission for fraud or misrepresentation in procuring subscriptions to stock, note to Fear v. Bartlett, 33 L. R. A. 721; how far payment for stock in a corporation by the transfer of property will protect a shareholder against creditors of the company, note to Van Cleve v. Berkey, 42 L. R. A. 593; assessments on paid-up stock, note to Enterprise Ditch Co. v. Moffit, 45 L. R. A. 647.

193; *Re* Glen Iron Works, 13 W. N. C. 387; Wilbur v. Glen Iron Works, 35 Phila. Leg. Int. 346; *Re* Glen Iron Works, 14 W. N. C. 514; Carrol v. Green, 92 U. S. 510, 23 L. ed. 738; Pittsburgh & C. R. Co. v. Byers, 32 Pa. 22, 72 Am. Dec. 770; Pittsburgh & C. R. Co. v. Graham, 36 Pa. 77; Thompson, Liability of Stockholders, § 288, referring to Stone v. Davidson, 56 Ga. 179; Pittsburgh & C. R. Co. v. Plummer, 37 Pa. 414; Sinkler v. Turnpike Co. 3 Penr. & W. 149; Allibone v. Hager, 46 Pa. 48.

The statute of limitations does not begin to run in favor of a subscriber to the stock of a turnpike company until demand be made by the company as the act of incorporation directs. Sinkler v. Turnpike Co. 3 Penr. & W. 149.

Although the statute of limitations does not begin to run against a subscription to the stock of a railroad company until after calls are made for instalments, yet when no call is made for more than six years from the date of the subscription, the law will presume an abandonment of the enterprise, and from analogy to the statute bar the recovery. Pittsburgh & C. R. Co. v. Byers, 32 Pa. 22, 72 Am. Dec. 770.

But the court held that this stock subscription was a trust fund in the hands of the subscribers for the use of the creditors; that it bears the impress of an express trust in their favor; and hence, the statute of limitations did not apply. This is what is called a simple dry trust and not an active one. Perry, Tr. § 520.

Cases of trust which are not affected by the statute of limitations are those technical and continuing ones which are within the exclusive jurisdiction of equity; and the question must arise between trustee and *cestui que trust.* Lyon v. Marclay, 1 Watts, 271; Finney v. Cochran, 1 Watts & S. 112, 37 Am. Dec. 450; Zacharias v. Zacharias, 23 Pa. 452.

*Henry W. Scott* and *Frank Reeder* for appellees.

Opinion by Mr. Justice Trunkey:

This appeal was heard with Cornell's Appeal, 114 Pa. 153, 5 Cent. Rep. 181, 6 Atl. 258, the facts being similar, except that Mack & Edelman, if possible, more plainly showed their acceptance of the subscription as a sufficient performance of its condition, and their waiver of objection.

Their third subscription was at the last when they and several

others, including Mrs. Robertson, subscribed small sums respectively for the very purpose of making up the stipulated sum. Afterwards Mack & Edelman paid $2,800 to apply on the $3,000 first subscribed. Mack was at the stockholders' meeting which authorized the directors to lease the furnace; was present when the directors agreed upon the proposition to lease the furnace to Byers & Company; and was one of the directors at the meeting which approved the lease as drawn, and unanimously directed the president to execute it on behalf of the company.

Why should these appellants now say the parol agreement was not substantially performed? They knew of the proposed lease, and one of them officially joined in directing its execution. Then they did not intend anything unfair to other shareholders who had paid in full, or to those who were about to make payment. This defense must be an afterthought. They paid nothing on the last two subscriptions because of the parol agreement that these should not be due until the furnace should be put in blast. That was done in 1876.

The statute of limitations does not reach this case.

Decree affirmed and appeal dismissed, at costs of the appellants.